UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

RAFAEL ALVAREZ, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

HOMELAND PATROL CORP., a Florida Corporation,
MIRTHA CORDERO, individually, and
AUGUSTO CORDERO, Individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, RAFAEL ALVAREZ (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. At all times material to this Complaint, HOMELAND PATROL CORP., a Florida Corporation, MIRTHA CORDERO, individually, and AUGUSTO CORDERO, individually (collectively referred to as "Defendants"), have owned and operated a security services business that have employed security officers at various locations throughout South Florida, with Defendants' principal address based at 1549 NE 123rd Street, North Miami, Florida 33161 and, as of March 1, 2020, at 4305 East 8th Ave Hialeah, Florida 33013 in Miami-Dade County, within the jurisdiction of the Court.

3. At all times material to this Complaint, Defendants, MIRTHA CORDERO and AUGUSTO CORDERO, have owned and managed HOMELAND PATROL CORP., and MIRTHA and AUGUSTO CORDERO have regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were

1

compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of HOMELAND PATROL CORP. By virtue of such control and authority, MIRTHA and AUGUSTO CORDERO have been an employer of Plaintiff and the other employees of HOMELAND PATROL CORP. similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself and other current and former non-exempt security officers of Defendants similarly situated to him, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act, 29 U.S.C. §216(b), as well as for alleged retaliation against Plaintiff in violation of the FLSA, 29 U.S.C. §215. It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, HOMELAND PATROL CORP. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, HOMELAND PATROL CORP. has

employed two (2) or more employees who, *inter alia*, regularly: (a) have provided security guarding services at instrumentalities of interstate commerce and interstate businesses such as the "Ponce Plaza Rehabilitation and Skilled Nursing" facility located at 335 SW 12th Avenue, Miami, Florida 33130; (b) handled and worked with office equipment such as copiers, scanners, faxes, computers and telephones, as well as supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce, including but not limited to Plaintiff and other security officers regularly transmitting "Timesheets" created by Defendants via fax, text, and/or e-mail to Defendants CORDERO each week between March 2017 and the present; and (c) processed credit card, debit, and/or electronic check and other payments by and for Defendants' customers through banks and/or merchant services companies in interstate commerce.

8. Based upon information and belief, the annual gross sales volume of HOMELAND PATROL CORP. was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, HOMELAND PATROL CORP. has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately March 2017 and February 2020, Plaintiff performed non-exempt duties as a security officer for Defendants at the "Ponce Plaza Rehabilitation and Skilled Nursing" facility located at 335 SW 12th Avenue, Miami, Florida 33130, including moving and parking cars at the facility.

11. Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately March 2017 and February 2020, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants have failed to pay Plaintiff time and one-half wages for all of his actual overtime hours worked each week, with Defendants instead paying Plaintiff straight-time wages for his overtime hours each week.

12. Likewise, the other employees of Defendants who are similarly situated to Plaintiff regularly worked as non-exempt security officers, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between March 2017 and the present.

13. However, Defendants have also failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt security officers, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours worked within the three (3) year statute of limitations period between March 2017 and the present.

14. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt security officers, however variously titled, who worked for Defendants at any location in one or more weeks between March 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants at any locations.

15. During the three (3) year statute of limitations period between approximately March 2017 and February 2020, Plaintiff regularly worked as many as seven (7) days per week for Defendants as a non-exempt security officer with shifts that ranged between, *inter alia*, approximately 6:00 a.m. to 6:00 p.m., 7:00 a.m. to 7:00 p.m., 7:00 a.m. to 11:00 p.m., 7:00 a.m. to 3:00 p.m., and 3:00 p.m. to 11:00 p.m., regularly working anywhere between approximately Sixty-

Five (65) to Eighty (80) hours per week.

16. Subject to discovery, based upon Defendants paying Plaintiff at regular rates of pay between approximately $8.10 per hour and $8.75 per hour for all hours each week with straight-time wages for his hours worked in excess of Forty (40) hours per week between approximately March 2017 and February 2020 and Plaintiff being owed between approximately Twenty (20) to Forty (40) overtime hours per week from Defendants during a total of approximately during a total of approximately One Hundred and Forty-Five (145) work weeks at the half-time rates of between approximately $4.05 to $4.38 per hour [$8.10/2 = $4.05/hour; $8.75/2 = $4.38/hour], Plaintiff's unpaid overtime wages are estimated to total between approximately $12,037.50 and $24,075.00 [$4.05-$4.38/hour x 20-40 OT hours/week x 145 weeks = $12,037.50 to $24,075.00].

17. Based upon information and belief, while it is believed Defendants are in possession, custody, and/or control of records of some of the hours worked by Plaintiff and the other similarly situated non-exempt security officers, however variously titled, between March 2017 and the present, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated security employees during each week between March 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18. At all times material to this Complaint, Defendants have had knowledge of the hours worked by Plaintiff and other similarly situated security employees in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately March 2017 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the

work performed by Plaintiff and the other employees without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

19. The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt security officers, however variously titled, at during the three (3) year statute of limitations period between approximately March 2017 and the present are in the possession, custody, and/or control of Defendants.

20. On multiple occasions between approximately December 2019 and February 20, 2020, Plaintiff complained to Defendants about not receiving time and one-half wages as overtime compensation for all of the actual hours he worked in excess of Forty (40) hours per week.

21. However, instead of remedying Defendants' knowing violations of the FLSA, Defendants subjected Plaintiff to unlawful retaliation for his overtime complaints, culminating in Defendants terminating Plaintiff's employment on February 20, 2020 in retaliation for Plaintiff's final complaint.

22. Significantly, when Plaintiff requested on around February 17, 2020 a final time that Defendants pay his unpaid overtime wages from years of overtime work that Defendants knew Plaintiff had performed for their business, Defendant, MIRTHA CORDERO, told Plaintiff "we don't pay overtime here," and approximately three (3) days later on February 20, 2020, Plaintiff's supervisor, Malabe, told Plaintiff that he needed to leave and go to another post.

23. However, when Plaintiff called Defendant, MIRTHA CORDERO, on February 20, 2020 to ask why his post was being changed after approximately twenty (20) years at the same post, MIRTHA CORDERO first told Plaintiff that he had to move posts because she as the owner said so and MIRTHA CORDERO subsequently proceeded to terminate Plaintiff's employment.

24. Defendants' termination of Plaintiff's employment on February 20, 2020 because of Plaintiff's good faith objections to and complaints about Defendants' failure to pay time and one-half overtime compensation for Plaintiff's hours worked in excess of Forty (40) hours per week was unlawful retaliation in violation of 29 U.S.C. §215.

25. The fact that Plaintiff engaged in activity protected by the FLSA was a motivating factor in Defendants' termination of Plaintiff's employment on February 20, 2020, in violation of 29 U.S.C. §215.

26. The reasons proffered by Defendants on February 20, 2020 for the termination of Plaintiff's employment were false and known to be false at the time Defendants terminated Plaintiff's employment and instead were a pretext for unlawful discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff, RAFAEL ALVAREZ, readopts and realleges the allegations contained in Paragraphs 1 through 26 above.

28. Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants as a non-exempt security officer in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately March 2017 and February 2020.

29. All similarly situated non-exempt security officers, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between approximately March 2017 and the present.

7

30. Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt security officers, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the three (3) year statute of limitations period between approximately March 2017 and the present.

31. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt security officers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately March 2017 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

32. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

33. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt security officers, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

34. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable

attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

35. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, RAFAEL ALVAREZ and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, HOMELAND PATROL CORP., MIRTHA CORDERO, and AUGUSTO CORDERO, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, RAFAEL ALVAREZ, readopts and realleges the allegations contained in Paragraphs 1 through 35 above.

36. The Fair Labor Standard Act (FLSA) defines "employee" as "any individual employed by an employer." 29 U.S.C. §203(e)(1).

37. The FLSA also defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.§203(d).

38. At all times material to this Complaint during the three (3) year statute of limitations period between approximately March 2017 and February 2020, Plaintiff was an employee of HOMELAND PATROL CORP., MIRTHA CORDERO, and AUGUSTO CORDERO as defined by 29 U.S.C. §203(e)(1).

39. At all times material to this Complaint between May 2019 and October 2019, HOMELAND PATROL CORP., MIRTHA CORDERO, and AUGUSTO CORDERO constituted an employer and/or joint employer of Plaintiff as defined by 29 U.S.C. §203(d).

40. The FLSA's anti-retaliation provisions at 29 U.S.C. §215(a) provide that "it shall be unlawful for any person—(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

41. When Plaintiff complained to Defendants on multiple occasions between approximately December 2019 and late February 2020 about Defendants' failure to pay Plaintiff time and one-half wages for all of his actual overtime hours worked for Defendants, Plaintiff engaged in activity protected by the Fair Labor Standards Act, 29 U.S.C. §215.

42. Defendants undertook retaliatory action against Plaintiff in violation of 29 U.S.C. §215(a)(3) because of Plaintiff's overtime complaints to Defendants, including but not necessarily limited to Defendants terminating Plaintiff's employment on February 20, 2020.

43. Plaintiff's good faith objections-complaints to Defendants between approximately December 2019 and late February 2020 about Plaintiff working overtime hours without time and one-half compensation were a motivating factor behind Defendants' unlawful retaliation against Plaintiff and the unlawful termination of Plaintiff's employment on February 20, 2020, in violation of 29 U.S.C. §215(a)(3).

44. Defendants' violations of 29 U.S.C. §215(a)(3) were intentional and done with malice and reckless disregard for Plaintiff's rights under the FLSA.

45. Plaintiff has suffered lost wages, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of Defendants' violations of 29 U.S.C. §215(a)(3).

46. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorney's fees and costs as a result of Defendants' violations of 29 U.S.C. §215.

WHEREFORE, Plaintiff, RAFAEL ALVAREZ, demands judgment against Defendants, jointly and severally, HOMELAND PATROL CORP., MIRTHA CORDERO, and AUGUSTO CORDERO, lost wages, employment benefits, liquidated damages, compensatory damages including, but not limited to, damages for intangible injuries, equitable relief including but limited to reinstatement or front pay, injunctive relief, interest, attorneys' fees, costs, and such other and further relief as this Honorable Court deems proper.

Dated: March 2, 2020              Respectfully submitted,

By: **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Attorneys for Plaintiff

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Homeland Patrol Corp., Mirtha Cordero, and Augusto Cordero**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.



**Rafael Alvarez**